FILED

March 13 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0426

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 64N

ROBERT KENDALL and JULIE KENDALL

      Petitioners and Appellees,

    v.

CHARLES DAVID STAMBAUGH,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DR 11-78
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Charles D. Stambaugh (self-represented litigant); Libby, Montana

      For Appellees:

          (No Appellees' brief filed)

                   Submitted on Briefs:  February 15, 2012

                             Decided:  March 13, 2012

Filed:

            _____
                       Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Charles David Stambaugh appeals from the Order Granting Permanent Order of Protection dated June 22, 2011, entered by the District Court of the Nineteenth Judicial District, Lincoln County. We affirm.

¶3 Stambaugh lives adjacent to Robert and Julie Kendall near Libby, Montana. Robert and Julie each obtained an order of protection against Stambaugh in Justice Court of Lincoln County, and Stambaugh appealed to the District Court. The District Court held a hearing on the appeal on June 21, 2011 and received testimony offered by Stambaugh and by the Kendalls. The District Court found that the testimony in favor of continuing the order of protection was more credible than the testimony opposing it. The District Court concluded that Stambaugh's conduct, including "threats, shouting, throwing canine feces and other debris onto [the Kendalls'] property, as well as other verbal threats that would reasonably cause [the Kendalls] fear of harm," justified an order of protection for stalking (§ 45-5-220, MCA). The District Court entered a permanent order of protection under § 40-15-204, MCA, to continue until June 18, 2012 at 1:30 p.m., "when there will be another hearing on whether the order should continue."

2

¶4 On appeal Stambaugh contends that the District Court should have discounted the testimony offered by the Kendalls because they dislike him, because they wish to retaliate against him for other grievances, and because they have been mean to him. The District Court heard the testimony and is in the best position to judge the credibility of the witnesses and the weight to be given to the testimony. *Albert v. Hastetter*, 2002 MT 123, ¶ 30, 310 Mont. 82, 48 P.3d 749. The proceeding in District Court concerned only the issue of the order of protection sought by the Kendalls, and the District Court has no authority to make an order of protection "mutually effective." Section 40-15-202(3), MCA.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶6 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS

3